# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR KENT COUNTY

|  |  |  |
|---|---|---|
| JOHN F. WOOD & M. KRISTINA WOOD, husband and wife, | : : : | C.A. No: K14C-08-026 RBY |
| Plaintiffs, | : : | |
| v. | : : | |
| RODEWAY INN & CHOICE HOTELS INTERNATIONAL, INC., | : : : | |
| Defendants. | : : | |

Submitted: January 12, 2015
Decided: March 4, 2015

***Upon Consideration of Defendants'
Motion to Dismiss
DENIED***

## ORDER

Michael I. Silverman, Esquire, Silverman, McDonald & Friedman, Wilmington, Delaware for Plaintiff.

Marc S. Casarino, Esquire, and Agatha C. Mingos, Esquire, White and Williams, LLP, Wilmington, Delaware for Defendants.

Young, J.

## SUMMARY

John F. Wood and M. Kristina Wood ("Plaintiffs"), were guests of Rodeway Inn in Dover, Delaware. While attempting to make use of the bathtub, Mr. Wood alleges he slipped and fell, sustaining injuries to his spine. Plaintiffs argue that the accident and resulting injuries were proximately caused by the negligence of Rodeway Inn, and its owner/operator Choice Hotels International, Inc. ("Choice Hotels" and together with Rodeway Inn "Defendants").

Defendants move to dismiss Plaintiffs' Complaint pursuant to Super. Ct. Civ. R. 12(b)(6) and 9(b). Defendants point to *Brown v. Dover Downs, Inc.*, arguing that the Delaware Supreme Court's holding in that case would bar Plaintiffs' current suit. As per Defendants' account of *Brown*, innkeepers owe no duty to business invitees in their use of hotel room bathtubs. In the alternative, Defendants contend that Plaintiffs' Complaint lacks the requisite particularity called for by Rule 9(b) when pleading negligence.

The Court **DENIES** Defendants' motion. The scope of *Brown's* ruling does not reach the facts of this case. Therefore, it does not require this Court to dismiss Plaintiffs' claim pursuant to Rule 12(b)(6). With regard to Defendants' Rule 9(b) argument, the Court finds that, although Plaintiffs' Complaint borders upon vagueness, given Delaware's notice pleading standard, it would be premature to dismiss the action at such an early juncture. Plaintiffs have, even if in a meager manner, pled the requisite elements for their negligence suit.

## FACTS AND PROCEDURES

On or about September 10, 2012, Plaintiffs, residents of Connecticut, were

guests of Rodeway Inn, located in Dover, Delaware. Rodeway Inn is owned and operated by Choice Hotels. Plaintiffs allege that on this date, Mr. Wood slipped and fell in the bathtub of his room in the Rodeway Inn. Plaintiffs claim that Mr. Wood has suffered injuries as a result of this accident, including a fractured spine. On August 22, 2014, Plaintiffs filed the instant action against Defendants.

## STANDARD OF REVIEW

The Court's standard of review on a motion to dismiss pursuant to Superior Court Civil Rule 12(b)(6) is well-settled. The Court accepts all well-pled allegations as true.[1] Well-pled means that the complaint puts a party on notice of the claim being brought.[2] If the complaint and facts alleged are sufficient to support a claim on which relief may be granted, the motion is not proper and should be denied.[3] The test for sufficiency is a broad one.[4] If any reasonable conception can be formulated to allow Plaintiff's recovery, the motion to dismiss must be denied.[5] Dismissal is warranted only when "under no reasonable interpretation of the facts alleged could the complaint state a claim for which relief might be granted."[6]

---

[1] *Loveman v. Nusmile, Inc.*, 2009 WL 847655, at *2 (Del. Super. Ct. Mar. 31, 2009).

[2] *Savor, Inc. v. FMR Corp.*, 2001 WL 541484, at *2 (Del. Super. Ct. Apr. 24, 2001).

[3] *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978).

[4] *Id*.

[5] *Id*.

[6] *Thompson v. Medimmune, Inc.*, 2009 WL 1482237, at *4 (Del. Super. Ct. May 19, 2009).

## **DISCUSSION**

Defendants move to dismiss Plaintiffs' Complaint under two theories: 1) pursuant to Super. Ct. Civ. R. 12(b)(6), that Plaintiffs have failed to state a claim for which relief can be granted; and 2) that Plaintiffs have failed to plead their negligence claim with particularity, as required by Super. Ct. Civ. R. 9(b). Although the sparseness of Plaintiffs' pleading is readily apparent, their Complaint, barely, meets Delaware's notice pleading standard.

The Court begins by noting that, as opposed to its Federal counterpart,[7] Delaware's pleading standard maintains its traditional low threshold.[8] The Court is to deny a motion to dismiss under 12(b)(6), if "a plaintiff would...be entitled to recover under any reasonably conceivable set of circumstances susceptible of proof."[9] Moreover, "[a]n allegation, though vague or lacking in detail, is nevertheless well-pleaded if it puts the opposing party on *notice* of the claim being brought against it,"[10] – hence the "notice pleading" denomination. Finally, the standard is to be "liberally construed."[11]

---

[7] *See generally Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

[8] *Cent. Mortg. Co. v. Morgan Stanley Mortg. Capital Holdings, LLC*, 27 A.3d 531, 537 (Del. 2011) ("until this Court decides otherwise or a change is duly effected through the Civil Rules process, the governing pleading standard in Delaware to survive a motion to dismiss is reasonable conceivability")(internal quotations omitted).

[9] *VLIW Tech., LLC v. Hewlett-Packard Co.*, 840 A.2d 606, 611 (Del. 2003).

[10] *Id.* (emphasis added).

[11] *Id*.

Despite this general relaxation with respect to precision at the pleadings stage, when a complaint includes a claim alleging negligence, the standard becomes heightened.[12] Such 12(b)(6) motions are to reviewed pursuant to Rule 9(b), requiring "the circumstances constituting negligence [to be pled] with particularity."[13] "Particularity" in pleading negligence is satisfied by "specify[ing] a duty, a breach of duty, who breached the duty, what act or failure to act caused the breach, and the party who acted."[14] "[C]laims of negligence...may not be conclusory and must be accompanied by some factual allegations to support them."[15]

Defendants attack the sufficiency of Plaintiffs' complaint under 12(b)(6), by citing to the Delaware Supreme Court's decision in *Brown v. Dover Downs, Inc.*[16] According to Defendants, *Brown* stands for the proposition that innkeepers owe no duty to business invitees, to warn of the dangers associated with the use of hotel bathtubs. Plaintiffs' suit, which arises out of a slip and fall injury Mr. Wood allegedly sustained, while attempting to shower in Defendants' hotel bathtub, would, as per Defendants, be barred by *Brown's* holding, on the basis that a negligence action requires the element of duty to be pled. Since the Supreme Court has not held that

---

[12] *Id.,* n.9 (recognizing limited exceptions to the notice pleading standard, such as "Rule 9(b)...requir[ing] greater particularity...").

[13] *Tews v. Cape Henlopen School Dist.*, 2013 WL 1087580, at *2 (Del. Super. Ct. Feb. 14, 2013)(internal quotations omitted).

[14] *Rinaldi v. Iomega Corp.*, 1999 WL 1442014, at *7 (Del. Super. Ct. Sept. 3, 1999).

[15] *Doe 30's Mother v. Bradley*, 58 A.3d 429, 462 (Del. Super. Ct. 2012).

[16] 2011 WL 3907536, at *1 (Del. Aug. 30, 2011).

such a duty exists, the claim must, by necessity, fail.

Defendants' reading of *Brown* is too broad. The Supreme Court did not make an all-encompassing declaration that innkeepers owe no duty to invitees, with respect to bathtubs on their premises. Indeed, as the Supreme Court expressly noted "[t]he singular issue for this Court to determine is whether Defendant, as an innkeeper, owed a duty to Plaintiffs, its business invitees, to place a bathmat in their room's tub."[17] The Supreme Court was faced with a narrow issue, that of the placement of bathmats in hotel room bathtubs, and whether the absence of such a bathmat, constituted negligent behavior. The *Brown* Court resoundingly rejected that proposition, finding that the "inherently slippery nature of a wet bathtub surface" does not "present an unreasonable risk of harm," such that inkeepers have a duty to provide bathmats.[18] The allegations in the instant matter, by contrast, have nothing to do with bathmats. As Plaintiffs detail (unfortunately in their response to Defendants' motion, and *not* in their Complaint, as would have been the proper situs), their action is based upon the premise that there was some foreign substance in Defendants' bathtub, creating the hazardous condition that led to Mr. Wood's alleged accident. In fact, the Supreme Court specifically excluded such situations from its ruling.[19] Therefore, *Brown*, limited to circumstances involving bathmats, does not

---

[17] *Brown*, 2011 WL 3907536 at *3.

[18] *Id.*

[19] *Id.,* at *4 ("[i]n contrast, where there is a foreign substance such as wax or cleaning material present in a slip and fall case, courts allow the jury to determine whether the specific factual situation constitutes negligence on the part of the defendant") (internal quotations omitted).

govern, nor require dismissal pursuant to Rule 12(b)(6).

The analysis under Rule 9(b) is a much closer one for the Court. This is primarily due to the fact that Plaintiffs' presentation of their claim in the Complaint is bare-boned and sparse, dangerously toeing the line of imprecision and incompleteness. As has been stated, a negligence claim meeting the demands of Rule 9(b) requires a plaintiff to specify: 1) duty; 2) breach of duty; 3) who breached the duty; 4) what act or failure to act caused the breach; and 5) the purportedly offending party.[20] Plaintiffs, albeit just barely, have pled these elements in their Complaint:

> Plaintiff John F. Wood's fall, it's claimed, was the direct and proximate result of the negligence of Defendant...in that it:
>> a. failed to use reasonable care to protect Plaintiff, John G. Wood from hazardous conditions present on the premises;
>> b. failed to maintain the premises in a safe condition;
>> c. failed to keep the premises properly free from defects;
>> d. failed to warn Plaintiff of the existing hazard and danger;
>> e. failed to remedy a dangerous condition that it knew or should have known existed on the premises....[21]

Furthermore, the requirement that "some factual allegations"[22] support the claim is, again, met by the complaint's recitation "[o]n or about September 10, 2012, Plaintiff...was on the property...when suddenly and without warning, Plaintiff slipped and fell in the slippery tub."[23]

---

[20] *Rinaldi,* 1999 WL 1442014, at *7.

[21] Plaintiff's Complaint, at ¶ 8.

[22] *Doe 30's Mother*, 58 A.3d at 462.

[23] *Id.,* at ¶ 4.

Defendants' citation to *Tews v. Cape Henlopen School Dist.*, in support of their contention that Plaintiffs have not met the Rule 9(b) particularity demands.[24] Although pinpointed by Defendants for broad propositions, outlining the Rule 9(b) standard, it is instructive to contemplate the *Tews* Court's reasoning. *Tews*, which, incidentally, granted the movant's motion to dismiss, is distinguishable in that the claim was one sounding in *gross* negligence, rather than negligence.[25] Such claims require, not a mere departure from the standard of care owed by defendants, but an "extreme departure."[26] That is, gross negligence, by necessity, carries a higher burden, not only with respect to its elements, but also with respect to the particularity of the Rule 9(b) factual allegations.[27] What's more, the circumstances in the instant matter are further distinct from *Tews*, in that, however thinly it may so do, Plaintiffs' complaint does include "*some*" facts supporting the allegations.[28] Indeed, the *Tews* Court was persuaded to grant movant's motion as "[t]he complaint contains no facts indicating how [Defendant] deviated from the applicable standard of care, what the

---

[24] 2013 WL 1087580, at *1.

[25] *Id.*

[26] *Id.,* at *2.

[27] *See e.g., Id.,* (finding that "Plaintiff's bare-boned recitation of wholly conclusory allegations is insufficient, and fails to satisfy the particularity requirement for plain negligence, let alone an extreme departure from the standard of care"). In this Court's mind, this is an express recognition that gross negligence carries a higher pleading burden than regular negligence under Rule 9(b).

[28] *Doe 30's Mother*, 58 A.3d at 462 (emphasis added).

applicable standard of care is...”[29] Such is not the case here.

Although, for the foregoing reasons, the Court **DENIES** Defendants' motion, it does so with some reservations. Stated bluntly, Plaintiffs' papers are in need of augmentation. Plaintiffs should provide a more detailed account of their allegations going forward, and not continue to strain the outermost boundaries of the notice pleading standard.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants' Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED**.

/s/ Robert B. Young
J.

RBY/lmc
oc:   Prothonotary
cc:   Counsel
       Opinion Distribution
       File

---

[29] 2011 WL 1087580 at *4.